**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEPHNEY JACKSON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1770-L** |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION**, | § | |
| **and BANK OF AMERICA**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss, or Alternatively, Motion for More Definite Statement, filed July 2, 2012. Plaintiff Stephney Jackson ("Plaintiff" or "Jackson") did not file a response to the motion. After careful consideration of the motion, the court **grants in part** and **denies in part** Defendants' Motion to Dismiss, or Alternatively, Motion for More Definite Statement.

**I.     Background**

Jackson initially filed this action on June 7, 2012, against U.S. Bank National Association, and Bank of America. Jackson's Complaint states that she applied for a loan modification and that Defendants wrongfully foreclosed and committed fraud and other "wrong[ful] acts. On July 2, 2012, Defendants moved to dismiss Plaintiff's claims or alternatively request that she be required to replead her claims.

## II.        Standards

### A.        Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196

**Memorandum Opinion and Order – Page 2**

(5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has

no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.      Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

### III.    Analysis

Defendants contend that Plaintiff has failed to plead any facts to support her claims of wrongful foreclosure and fraud.  Plaintiff did not file a response to Defendants' motion. Defendants request that Plaintiff's claims be dismissed pursuant to Rule 12(b)(6), or alternatively, that Plaintiff be required to replead her claims under Rule 12(e) of the Federal Rules of Civil Procedure.  Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  The court agrees that Plaintiff has not alleged sufficient facts to support her wrongful foreclosure and fraud claims.  Because Plaintiff is proceeding *pro se* and has not previously amended her Complaint, the court, rather than dismiss her claims for failure to state a claim, will permit her to file an amended Complaint by February 15, 2013, that addresses the deficiencies noted in Defendants' motion.

**IV.    Conclusion**

For the reasons herein stated, the court **grants in part** and **denies in part** Defendants'
Motion to Dismiss, or Alternatively, Motion for More Definite Statement.  Specifically, the court
**grants** Defendants' Motion for More Definite Statement.  Although Plaintiff fails to state a claim
upon which relief can be granted, the court believes that she should be allowed an opportunity to
amend her pleading.  Plaintiff shall file an amended pleading by **February 15, 2013**, and she
shall do so in accordance with the standards herein enumerated, taking into account the
deficiencies pointed out by the court.  *Failure of Plaintiff to replead as directed subjects these
claims to dismissal for failure to state a claim upon which relief can be granted or failure to
comply with a court order pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil
Procedure*.  The court **denies without prejudice** Defendants' Motion to Dismiss.

**It is so ordered** this 16th day of January, 2013.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**