IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHNEY JACKSON, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-1770-L (BH) |
| § | |
| U.S. BANK NATIONAL ASSOCIATION § | |
| and BANK OF AMERICA, § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss, or Alternatively, Motion for More Definite Statement, filed July 2, 2012 (doc. 8). By memorandum opinion and order dated January 16, 2013, the court found that Plaintiff Stephney Jackson (Plaintiff) had not alleged sufficient facts to support her claims against the defendants. (*See* doc. 11 at 4.) Because she was proceeding *pro se* and had not previously amended her complaint, the court permitted her to file an amended Complaint rather than dismiss her claims for failure to state a claim. She was to file her amended pleading by **February 15, 2013.** The order expressly provided that Plaintiff's failure to replead as directed would subject her claims to dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nevertheless, Plaintiff failed to file an amended Complaint or anything else in this case.

The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has failed to comply with the court's order of January 16, 2013. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or failure to follow orders of the court. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v.*

**Memorandum Opinion and Order - Page 1**

*Graystone Ins. Co.*, 765 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citation and footnote omitted).

The Fifth Circuit has set forth a number of lesser sanctions that a court is to consider before it dismisses with prejudice: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982).

Here Plaintiff failed to respond to the motion to dismiss, the defendants specifically noted her failure respond, and the court provided her with an opportunity to amend her complaint instead of dismissing her claims. Plaintiff failed to take that opportunity to replead her claims. The court does not know the basis for her failure to prosecute this action or comply with the court's order. In any event, finding no record of purposeful delay or contumacious conduct, the court **dismisses without prejudice** all claims in this action, which is an appropriate sanction for Plaintiff's failure to comply with the court's order.

**Memorandum Opinion and Order - Page 2**

**It is so ordered** this 4th day of March, 2013.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 3**